### FISS, DOERR & CARROLL HORSE CO. v. SCHWARTZCHILD.

(Supreme Court, Appellate Term, February 18, 1910.)

1. **SALES (§ 261\*)—WARRANTY—REPRESENTATIONS.**

   To constitute a warranty by a seller, the representations must be positive.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 727; Dec. Dig. § 261.\*]

2. **SALES (§ 262\*)—WARRANTY—RELIANCE BY BUYER.**

   To constitute a warranty, the representations must be understood by the buyer to be intended as a warranty, and he must have relied thereon, and such representations must have induced him to enter into the contract.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 736–739; Dec. Dig. § 262.\*]

3. **SALES (§ 261\*)—WARRANTY—REPRESENTATIONS—OPINION OR COMMENDATION.**

   Statements by the seller of a horse on approval, with a right to return within a specified time, made to the agent of the buyer, who asked for a horse that would go well in single or double harness, that the horse was well broken single or double, and that the seller thought it would fill the bill, were mere expressions of opinion, and did not amount to a warranty.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 731; Dec. Dig. § 261.\*]

4. **SALES (§ 168½\*)—CONTRACTS—RIGHT OF BUYER TO RETURN PROPERTY.**

   Where a buyer of a horse on approval, with a right to return within a "couple of days," knew that the quoted words were used with reference to the custom of the seller that horses sold were subject to the right to return within 48 hours, the privilege to return must be exercised within 48 hours.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 413; Dec. Dig. § 168½.\*]

5. **SALES (§ 181\*)—BREACH—QUALITY—EVIDENCE.**

   Evidence that a horse, which was one of a fresh shipment to a city, was on a single occasion somewhat fidgety in double harness and shied at an automobile, did not show that it was not well broken to double harness.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 488; Dec. Dig. § 181.\*]

6. **SALES (§ 168½\*)—OFFER TO RETURN CHATTELS PURCHASED.**

   A mere request for an ambulance to take home a horse bought on approval, with a right to return, was not an offer to return the horse, when the word "home" meant the place of business of the buyer.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 412, 413; Dec. Dig. § 168½.\*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Fiss, Doerr & Carroll Horse Company against Moses H. Schwartzchild. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Frederic A. Tanner (Albert H. T. Banzhaf, of counsel), for appellant.

Morris H. Hayman, for respondent.

LEHMAN, J. The plaintiff sues for the agreed price of a horse. At the trial there was practically no dispute that the plaintiff sold

the horse to defendant at the alleged price; but defendant set up as separate defenses a breach of warranty that the horse could be driven in single or double harness and an offer to return the horse within 48 hours as permitted by the terms of the sale. I cannot find that the defendant has successfully sustained either defense.

To constitute a warranty, the representation must be positive, and the buyer must understand it as a warranty, and rely upon it, and be induced by it. Hawkins v. Pemberton, 51 N. Y. 198, 10 Am. Rep. 595. While the defendant's agent seems to have asked for a horse that would go well in single or double harness, he fails to show any warranty by the plaintiff. Such vague statements as that the horse was well broken, single or double, and that plaintiff "thought it would fill the bill," cannot, in view of all the circumstances of the case, be twisted into anything more definite than expressions of opinion, particularly in view of the fact that the horse was concededly sold only on approval, with a right to return within 48 hours.

The second defense has certainly not been sustained. It alleges a privilege to return within 48 hours, and, giving the defendant's testimony its most favorable inference, there was no offer to return for 62 hours. The defendant seeks to avoid difficulty by showing at the trial that the privilege was to return within a "couple of days," and that these words should not be closely limited to 48 hours. It appears, however, that these words were used with reference to the custom of the plaintiff, known to the defendant, and through signs on the plaintiff's premises, that all horses were sold subject to the right to return within 48 hours, and the defendant has by his verified answer shown that he so understood them.

In this view of the case we need not decide whether the defendant has in any event shown a breach of the alleged warranty, if such warranty was in fact made, or an offer to return at any time. I hardly think that evidence that a horse was on a single occasion somewhat fidgety in double harness and shied at an automobile is sufficient to show that the horse was not well broken to double harness, particularly in view of the testimony that the horse was understood to be one of a fresh shipment to the city; nor do I think that a mere request for an ambulance to take a horse "home," where apparently the word "home" meant the place of business of defendant, and not of plaintiff, can be construed into an offer to return the horse.

Judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event.

SEABURY, J., concurs in result.

BIJUR, J. (concurring). I concur in the result. The statement by plaintiff's representative that the horse was well broken, single or double, was either a condition of the contract, or a collateral warranty, or both. If treated as a condition, it warranted a return of the horse to the plaintiff immediately upon the discovery of the breach of the condition after the lapse of a reasonable time for investigation and trial. Defendant, however, neither returned nor tendered a return; but, on the contrary, at the time he claims to have discovered that the

horse was not as represented, although it was far more convenient to bring him to the salesroom of plaintiff in the borough of Manhattan, he deliberately and with much trouble brought the horse to his own home in the borough of Queens.

Treating this representation as a warranty, defendant might have recovered damages upon its breach, to wit, the difference between the value of a horse as warranted and one of the kind which defendant claims the horse sold to have been. As no proof to this effect was offered, the judgment in favor of the defendant was not warranted by the evidence, and should be reversed, and a new trial ordered, with costs to appellant to abide the event.